Scott A. Zebrak
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.480-2999
scott@oandzlaw.com

**O+Z Oppenheim + Zebrak, LLP**
WASHINGTON – NEW YORK

**DELIVERED VIA ECF**

September 16, 2024

Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *SoundExchange, Inc. v. Sirius XM Radio Inc.*, 1:24-cv-05491-NRB
           Request for Pre-Motion Conference

Dear Judge Buchwald:

      On behalf of Plaintiff/Counterclaim Defendant SoundExchange, Inc. ("SoundExchange") in the above-captioned matter, we write pursuant to Rule 2(B) of Your Honor's Individual Practices to request a pre-motion conference at which to seek leave to file a motion to dismiss Defendant/Counterclaimant Sirius XM Radio, Inc.'s ("Sirius") counterclaims. Sirius's declaratory judgment counterclaim should be dismissed because it is redundant and fails to allege any facts showing that an auditor violated the Copyright Royalty Board's ("CRB") regulations or lacked independence. Sirius's counterclaim for recoupment of allegedly overpaid royalties should be dismissed because it contravenes the Copyright Act and is barred by the statute of limitations.

## Background

      The Copyright Act creates a statutory license for services like Sirius to digitally transmit copyrighted sound recordings without negotiating individual licenses with copyright owners. 17 U.S.C. § 114(d)(2). Under that statutory license, Sirius must pay royalties at a rate set by the CRB to SoundExchange, which distributes the royalties to artists and copyright owners. *Id.* § 114(f)(3)(B), (g)(2); 37 C.F.R. § 382.3(a).

      SoundExchange's claims address two instances in which Sirius has underpaid royalties it owes to artists and copyright owners. First, for years, Sirius has overstated one of the deductions it makes to its royalty payments, resulting in a massive underpayment. Compl. ¶¶ 8, 30–36, 40, 47, ECF No. 1. Second, an independent auditor, Adeptus, determined that, for the 2018 calendar year, Sirius underpaid royalties, but Sirius has refused to pay those royalties. Compl. ¶¶ 57–62.

      Sirius asserts two counterclaims. First, Sirius seeks a declaratory judgment that Adeptus's audit of Sirius did not comply with CRB regulations and that Adeptus was not "independent" as CRB regulations and the American Institute of Certified Public Accountants ("AICPA") Code of Professional Conduct require. Countercls. ¶ 49, ECF No. 47. Second, Sirius seeks to recover all purported overpayments of royalties Sirius claims it made through August 2021. *Id.* ¶ 55.

## Argument

      **I.**    **Sirius's counterclaim for declaratory judgment should be dismissed.**

           **A.  Sirius's counterclaim should be stricken as redundant.**

      Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Relying

on this rule, courts have held that, "[w]hen a counterclaim is merely the 'mirror image' of an opposing party's claim and the counterclaim serves no independent purpose, the counterclaim may be dismissed." *Worldwide Home Prods. v. Bed Bath & Beyond, Inc.*, No. 11 Civ. 03633, 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013) (quoting *Arista Recs. LLC v. Usenet.com, Inc.*, 07 Civ. 8822, 2008 WL 4974823, at *3 (S.D.N.Y. Nov. 24, 2008)). On this point, "the court must consider whether a case or controversy would still exist in connection with the counterclaim if the court entered a judgment dismissing the opponent's claim." *Id.*

Sirius's counterclaim just restates its Third Affirmative Defense that "SoundExchange's claims are barred, in whole or in part, to the extent that they rely upon an audit that fails to comply with, and is invalid under, the governing regulations." Ans. at 11, ECF No. 47. The counterclaim adds nothing to the case, requires no additional factual determinations beyond those required for liability on SoundExchange's claims, and reflects no independent case or controversy. It should therefore be stricken. *Arista Recs. LLC*, 2008 WL 4974823, at *4 (striking counterclaims that "add nothing to the affirmative defenses . . . and [] do not constitute an independent cause of action.").

### B. Sirius fails to sufficiently allege that Adeptus did not conduct an audit in accordance with CRB regulations or that Adeptus lacked independence.

"Under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bardwil Indus. Inc. v. Kennedy*, No. 19 CIV. 8211, 2020 WL 2748248, at *2 (S.D.N.Y. May 27, 2020) (Buchwald, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Sirius has not pled any facts allowing the Court to reasonably infer that Adeptus' audit failed to comply with CRB regulations. The regulation calls for "[a]n audit of books and records, including underlying paperwork, performed in the ordinary course of business according to generally accepted auditing standards." 37 CFR § 382.7(d). Sirius's only specific factual allegation is that Adeptus's royalty examination report stated that "'[t]he procedures [Adeptus] employed . . . [did] not constitute an audit or an examination under attestation standards established by . . . AICPA." Countercls. ¶ 32 (quoting report) (emphasis omitted). But the regulation does not require "an audit or an examination under attestation standards established by AICPA." The Counterclaim does not allege that Adeptus did anything other than comply with the regulations by examining "books and records, including underlying paperwork." In any event, the Counterclaim does not identify any AICPA attestation standards with which Adeptus failed to comply.

Sirius has not pled facts allowing the Court to reasonably infer that Adeptus lacked independence. According to Sirius's Counterclaim, independence requires that "a reasonable and informed third-party [sic] who is aware of the relevant information would be expected to conclude that a member's independence is not impaired," *id.* ¶ 45 (quoting AICPA Code of Professional Conduct § 0.400.01), and that the auditor "shall be free of conflicts of interest, and shall not knowingly misrepresent facts or subordinate his or her judgment to others." *Id.* (quoting AICPA Code of Professional Conduct § 1.100.001.01). Once shorn of its hyperbolic mudslinging, the Counterclaim does not specify the "relevant information" that would lead a "reasonable and informed third party" to conclude that Adeptus's independence was impaired. Nor does the Counterclaim identify any conflict of interest that undermined Adeptus's independence.

Hon. Naomi Rice Buchwald
September 16, 2024
Page 2

## II.   Sirius XM's counterclaim for of overpaid royalties should be dismissed.

### A. The Copyright Act's statutory licensing scheme does not create any right of action for a statutory licensee to recoup overpaid royalties.

The Copyright Act neither expressly authorizes nor implies any right of action permitting a statutory licensee to recover overpaid royalties. "[A] review of the text and structure of a statute [must] yield a clear manifestation of congressional intent to create a private cause of action before a court can find such a right to be implied." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011). Section 114 evinces no such intent. Because the licensee controls its own calculation and payment of royalties, a recoupment action is not essential to the statutory scheme: the licensee can avoid the need for a recoupment action by simply not overpaying in the first place.[1] Nor does the statute contemplate that, having paid royalties according to its own calculation method, a licensee can request a refund long after those royalties have been distributed to many thousands of artists and copyright owners. Recognizing as much, the CRB has rejected licensees' requests to authorize recoupment, instead concluding that "[t]he burden of accurate reporting and payment is on the Licensee" and that the "regulations continue to require immediate restitution in the case of underpayment, but no right of recoupment for overpayment." Determination of Royalty Rates and Terms for Ephemeral Recording and Webcasting Digital Performance of Sound Recordings (Web IV), 81 Fed. Reg. 26316, 26402 (May 2, 2016).

### B. The statute of limitations bars Sirius's counterclaim for overpaid royalties.

"[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Sirius filed its counterclaim on August 12, 2024. Countercls., ECF No. 47. Section 507 therefore bars any claims that accrued before August 12, 2021. Sirius's counterclaim states that "Sirius XM seeks to recover from SoundExchange all overpayments made during the royalty period running through ***August 2021*** . . . ." *Id.* ¶ 55 (emphasis added). The entirety of that period predates the filing of Sirius's counterclaim. It follows that the counterclaim is time-barred.

Because Sirius's counterclaim is not compulsory, Sirius cannot invoke the rule that "the institution of a suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim." *Enzo Biochem, Inc. v. Harbert Discovery Fund, LP*, No. 20-cv-9992, 2021 WL 5854075, at *5 (S.D.N.Y. Dec. 9, 2021) (quoting *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 135 (2d Cir. 2021)). A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a)(1)(A). Sirius's overpayment counterclaim does not arise out of the same transactions as SoundExchange's underpayment claim: the claims relate to different royalty payments made during different time periods according to different royalty calculation methods and which were subsequently distributed to different sets of artists and rightsholders.

---

[1] By contrast, the statute implies a cause of action for *underpayment* of royalties because, among other reasons, SoundExchange does not control a licensee's calculation of royalty payments and cannot otherwise prevent underpayment.

Hon. Naomi Rice Buchwald
September 16, 2024
Page 2

                                        Respectfully Submitted,

                                        /s/ *Scott A. Zebrak*
                                        Scott A. Zebrak