September 19, 2024                                                                                      **Weil, Gotshal & Manges LLP**

Page 1

                                                                                                 **Todd Larson**
                                                                                             +1 (212) 310-8238

September 19, 2024                                                                         todd.larson@weil.com

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re:** *SoundExchange, Inc. v. Sirius XM Radio Inc.*, No. 1:24-cv-5491 (S.D.N.Y.)

Dear Judge Buchwald:

      On behalf of Counterclaim Plaintiff Sirius XM, we write in response to SoundExchange's letter requesting a pre-motion conference regarding its potential motion to dismiss Sirius XM's counterclaims. *See* ECF No. 53.

      SoundExchange urges the Court to address the legal validity of Sirius XM's counterclaims at the same time that the parties brief Sirius XM's motion for judgment on the pleadings, which seeks dismissal of the entire case because SoundExchange lacks a private right of action under Section 114 of the Copyright Act. *See* ECF No. 48. Judicial economy strongly counsels in favor of first resolving Sirius XM's motion, as Sirius XM's counterclaims are *conditional* on whether the Court recognizes the "implied" right of action SoundExchange asserts. If the Court determines that SoundExchange *lacks* a private right of action, Sirius XM's claims for declaratory relief and recoupment likely are subject to dismissal because they also depend on the Court implying a new cause of action for SoundExchange under the Copyright Act. To avoid unnecessary motions practice, then, this Court should deny SoundExchange's request without prejudice pending a decision on Sirius XM's motion for judgment on the pleadings.[1]

**I.**     **Sirius XM has pleaded a conditional claim for declaratory judgment.**

      Sirius XM seeks declaratory relief that would disallow SoundExchange's use of Adeptus Partners to perform a royalty audit of Sirius XM, on the basis that Adeptus is not "independent" within the meaning of governing Copyright Act regulations. *See* 37 C.F.R. §§ 382.1, 382.7. These regulations require strict "independence of mind" and "independence in appearance" pursuant to the American Institute of Certified Public Accountants ("AICPA") Code of Professional Conduct. *See* Countercls. ¶ 45.

      Sirius XM's entitlement to declaratory relief presupposes the existence of SoundExchange's implied cause of action to enforce the Copyright Act. Absent that prerequisite, the Court will lack independent subject matter jurisdiction over Sirius XM's declaratory relief

---

[1] The Court has also granted SoundExchange until September 26, 2024 to amend its Complaint. ECF No. 52. An amendment, if filed, may necessitate amended counterclaims.

September 19, 2024  
Page 2

Weil, Gotshal & Manges LLP

counterclaim. *See, e.g.*, *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, — F.4th —, 2024 WL 4096360, at *5–6 (2d Cir. Sept. 6, 2024). And if the Court alternatively grants SoundExchange a private right of action, then Sirius XM's counterclaim can proceed. *See id.* SoundExchange is also incorrect that the counterclaim should be struck because it merely restates Sirius XM's Third Affirmative Defense to SoundExchange's claims. *See Shunock v. Apple, Inc.*, — F. Supp. 3d —, 2024 WL 3090166, at *9–11 (S.D.N.Y. June 21, 2024) (citing *Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88, 91–92 (2d Cir. 1939)). Declaratory relief will preclude future royalty "audits" by Adeptus—not simply deny SoundExchange a monetary recovery. Moreover, the Second Circuit disfavors motions to strike declaratory counterclaims prior to an adjudication on the merits. *See, e.g.*, *Leach*, 104 F.2d at 91–92 ("While it may turn out at trial that a decision on the merits . . . render[s] declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage"); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing."). The Court therefore should defer briefing on Sirius XM's declaratory judgment counterclaim until it assesses the validity of SoundExchange's implied cause of action.

SoundExchange also appears to suggest that Sirius XM has not satisfied Rule 8's pleading standard for challenging the independence of Adeptus and its inspection procedures. But Sirius XM makes several specific allegations that, accepted as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Paragraph 28, for example, details four separate instances of misconduct on the part of Adeptus that "disregarded generally accepted auditing standards." Countercls. ¶ 28. Other allegations overview Adeptus's partiality and loyalty to SoundExchange at length. *See, e.g.*, *id.* ¶ 33 ("[M]any of the tentative findings in the [Audit] Report . . . turned on unsupported legal conclusions well beyond Adeptus's professional purview as a financial firm."); *id.* ¶¶ 29–30 (alleging that Adeptus "sought to nullify Sirius XM's direct licenses" "at the behest of its consulting client, SoundExchange, which has for years attempted to frustrate Sirius XM's ability . . . to engage in direct licensing"). These allegations explicitly "identify [a] conflict of interest that undermined Adeptus's independence," and "would lead a 'reasonable and informed third party' to conclude that Adeptus's independence was impaired." ECF No. 53 at 2. And, of course, SoundExchange's arguments concern pleading deficiencies that, even if legitimate, could be cured by amendment.

**II.    Sirius XM has pleaded a conditional claim for the recovery of royalty overpayments.**

Sirius XM has explained in its August 19th pre-motion letter why SoundExchange lacks a private right of action under Section 114. *See* ECF No. 48. But if courts begin to "imply" payment remedies under the Copyright Act, they must do so even-handedly. SoundExchange offers no textual, structural, or policy reason why, if SoundExchange has a private right of action to sue for *underpayment* of royalties under Section 114, Sirius XM should lack a private right of action to recover *overpayments* it made to SoundExchange.[2] It would make little sense for Congress to

---

[2] SoundExchange's letter cites regulatory guidance that is completely irrelevant. *See* ECF No. 53 at 3 & n.1 (citing 81 Fed. Reg. 26,316, 26,402 (May 2, 2016)) (describing process for handling

September 19, 2024
Page 3

**Weil, Gotshal & Manges LLP**

imply a means of enforcing the relevant provisions of Section 114 *in only one direction* and *only for the benefit of one party*. Whether this Court creates an implied right of action for SoundExchange will thus inform whether Sirius XM's recoupment counterclaim is cognizable.

SoundExchange also incorrectly asserts that Sirius XM's counterclaim is barred by the statute of limitations. Even assuming that the time bar for an implied right of action under the Copyright Act would be three years, SoundExchange concedes that Sirius XM's claim would be timely as a compulsory counterclaim, which can validly be filed outside any limitations period. *See* ECF No. 53 at 3. In assessing whether a counterclaim is compulsory, the Second Circuit analyzes whether it "arises out of the [same] transaction or occurrence" as the plaintiff's claim, such that there exists a "logical relationship between the claim and the counterclaim" and "considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979). That standard is easily met here, as both parties' claims require the same witnesses and arise directly from Sirius XM's method for allocating subscription revenues between the satellite and webcasting components of its subscription packages. The fact that recoupment payments claimed by Sirius XM and the underpayment amounts claimed by SoundExchange are "different" and "made during different time periods," ECF No. 53 at 4, does not create an illogical relationship between the parties' alleged rights of action, *Agnesini v. Doctor's Assocs., Inc.*, 275 F.R.D. 456, 459 (S.D.N.Y. 2011), as courts have held in analogous cases, *see, e.g.*, *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2024 WL 1994205, at *18 (S.D.N.Y. May 6, 2024) (citing *In re Frescati Shipping Co.*, 886 F.3d 291, 311 n.27 (3d Cir. 2018)) (counterclaim for recoupment of estate tax overpayment may be brought after the limitations period in an action claiming underpayment of income taxes). And once again, if necessary, Sirius XM can amend its counterclaims to further demonstrate "the logical relationship between the claim and counterclaim." *Aquavella*, 615 F.2d at 22.

\*   \*   \*

Sirius XM respectfully requests that the Court deny without prejudice SoundExchange's request for a pre-motion conference pending resolution of Sirius XM's forthcoming motion for judgment on the pleadings. Once the Court determines whether to create a private right of action for SoundExchange, Sirius XM's conditional counterclaims can be resolved more expeditiously and with jurisdictional clarity. The Court should therefore decide the threshold legal question concerning SoundExchange's implied cause of action, and then, if necessary, turn to Sirius XM's conditional counterclaims. SoundExchange's proposed approach would disserve judicial economy.

---

offsets during an audit). Sirius XM's overpayment claim (Counterclaim II) and SoundExchange's underpayment claim (Claim I) do not arise out of or relate in any way to a royalty audit.

September 19, 2024  **Weil, Gotshal & Manges LLP**
Page 4

Dated: September 19, 2024        Respectfully submitted,

       By:   /s/ Todd Larson

       Todd Larson
       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, NY  10153
       Telephone: (212) 310-8238
       Facsimile: (212) 310-8007
       Todd.Larson@weil.com

       Andrew S. Tulumello (admitted *pro hac vice*)
       Crystal L. Weeks (admitted *pro hac vice*)
       WEIL, GOTSHAL & MANGES LLP
       2001 M Street NW, Suite 600
       Washington, DC 20036
       Telephone: (202) 682-7100
       Facsimile: (202) 857-0940
       Drew.Tulumello@weil.com
       Crystal.Weeks@weil.com

       *Counsel for Defendant Sirius XM Radio Inc.*