Scott A. Zebrak
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.480-2999
scott@oandzlaw.com

October 15, 2024

**DELIVERED VIA ECF**

Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *SoundExchange, Inc. v. Sirius XM Radio Inc.*, 1:24-cv-05491-NRB
           Request for Pre-Motion Conference

Dear Judge Buchwald:

      We represent Plaintiff/Counterclaim Defendant SoundExchange, Inc. ("SoundExchange") in the above-captioned matter. We write to address an issue Defendant/Counterclaimant Sirius XM Radio, Inc. ("Sirius") raised in its response, ECF No. 54 ("Sirius's Letter"), to SoundExchange's letter, ECF No. 53, requesting a pre-motion conference regarding SoundExchange's potential motion to dismiss Sirius XM's counterclaims. Specifically, Sirius's Letter argued that the Court should delay briefing and resolving any motion to dismiss Sirius's counterclaims until the Court has resolved Sirius's motion for judgment on the pleadings. As highlighted below, Sirius's request is misguided: promptly resolving a motion to dismiss Sirius's counterclaims would serve both judicial economy and the interests of justice.

      First, the issues in the parties' respective Rule 12 motions are intertwined. Both motions raise issues regarding whether and in what circumstances the Copyright Act's statutory royalty scheme implies a private right of action. Briefing both motions now will enable the Court to consider both motions together, which will assist the Court's review and understanding of the statute and the circumstances of the case, whereas staging the motions one after the other, with briefing on only some pieces of a larger puzzle, would be confusing and inefficient.

      Second, based on Sirius's assertions, it is not clear that resolving Sirius's motion would in fact dispose of Sirius's counterclaims. Sirius tries to have it both ways, asserting that its counterclaims "are conditional on whether the Court recognizes the 'implied right of action SoundExchange asserts," but then only conceding that its counterclaims "*likely* are subject to dismissal" if the Court grants Sirius's motion, and arguing further that "[d]eclaratory relief will preclude future royalty 'audits' by Adeptus—not simply deny SoundExchange a monetary recovery." Sirius's Letter at 1, 2 (emphasis added). In any event, nothing in Sirius's pleading of its counterclaims alleges that those claims are only "conditional." *See* Countercls., ECF No. 47.

      Third, judicial economy favors resolving all threshold issues regarding the sufficiency of the pleadings in one swoop at the beginning of the case. Sirius's proposal would have the parties wait many months before resolving which claims will ultimately survive, which would limit the parties' ability to tailor discovery to the claims remaining at issue. This concern weighs especially heavily since Sirius's recoupment/setoff counterclaim seeks compensation related to payments made during an entirely different time period from SoundExchange's claims.

Hon. Naomi Rice Buchwald
October 15, 2024
Page 2

    Accordingly, rather than promoting judicial economy, Sirius's requested delay is not likely to achieve anything other than delay and inefficiency, further harming the many thousands of artists and musicians who have been awaiting royalties that Sirius has been withholding.

                                                          Respectfully submitted,

                                                          /s/ *Scott A. Zebrak*

                                                          Scott A. Zebrak