# EXHIBIT 2

# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 16-7041                          September Term, 2016

1:15-cv-00476-RCL

Filed On: November 16, 2016

SoundExchange, Inc.,

       Appellant

    v.

Muzak LLC,

       Appellee

       **BEFORE:** Rogers and Griffith, Circuit Judges; Silberman, Senior Circuit Judge

### O R D E R

       Appellant initiated these proceedings in district court, alleging Underpayment of Statutory Royalties Based on Improper Use of Preexisting Subscription Services Rate. *See* 17 U.S.C. § 114(f)(2)(B); 37 C.F.R. § 382.13(a); 37 C.F.R. § 383.4. Specifically, appellant claims that certain transmissions made by appellee are not eligible for the favorable grandfather royalty rate available to "preexisting subscription services" and that, after improperly claiming eligibility for these transmissions, appellee underpaid statutory royalties due to appellant. The district court granted appellee's motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Jurisdiction was based on the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, federal question jurisdiction, 28 U.S.C. § 1331, and copyright question jurisdiction, 28 U.S.C. § 1338(a).

       The merit of appellant's claim as presented depends on the meaning of the statutory phrase "preexisting subscription service." *See* 17 U.S.C. § 114(j)(11). In that respect, this case might be thought similar to a proceeding initiated by appellant in 2006 in front of the Copyright Royalty Board and Register of Copyrights. In that proceeding, appellant (represented by the same law firm) asked the Board pursuant to 17 U.S.C. § 802(f)(1)(B) to refer to the Register of Copyrights a novel question of law, namely whether the universe of "preexisting subscription services" is limited by law to "only Muzak (provided over the DiSH Network), Music Choice, and DMX." *Designation as a Preexisting Subscription Service*, 71 Fed. Reg. 64,639 (Nov. 3, 2006). Both disputes result from disagreement as to the eligibility of a service for the favorable statutory grandfather royalty rate, and both parties now urge us to defer to the Copyright Office's reasoning in the earlier case.

# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 16-7041**                                      **September Term, 2016**

Upon consideration of the foregoing, it is

**ORDERED** that the parties file supplemental briefs addressing the following four questions:

1. What is the source of appellant's cause of action?

2. Whether the Copyright Royalty Board, *see* 17 U.S.C. § 114(f)(2)(C), and/or the Register of Copyrights, *see* 17 U.S.C. § 802(f)(1)(B), have jurisdiction to determine if appellee is entitled to pay the statutory royalty rate set for a "preexisting subscription service" for transmissions other than the services it provides to Dish Network customers, and thereby to determine the appropriate royalty rate due to appellant, subject to review in the U.S. Court of Appeals for the District of Columbia Circuit, *see* 17 U.S.C. § 803(d).

3. Whether, if the Copyright Royalty Board – Register of Copyrights do have jurisdiction to decide this issue, the district court lacked jurisdiction to adjudicate appellant's claim.

4. Whether, even if the district court had authority to entertain appellant's claim, this court should refer the question to the Copyright Royalty Board under the doctrine of primary jurisdiction. *See, e.g.*, *SoundExchange, Inc. v. Sirius XM Radio Inc.*, 65 F.Supp. 3d 150 (D.D.C. 2014). It is

**FURTHER ORDERED** that the Copyright Royalty Board and the Register of Copyrights be invited to file a joint brief addressing their jurisdiction.

The briefs may not exceed 6250 words and must be filed by 12:00 noon, Tuesday, January 3, 2017. In addition to electronic filing, the parties and the Copyright Royalty Board and Register of Copyrights are directed to hand deliver paper copies of their submissions to the Clerk's office at the time and date due.

**Per Curiam**

                                                      **FOR THE COURT:**
                                                      Mark J. Langer, Clerk

                           BY:    /s/
                                               Michael C. McGrail
                                               Deputy Clerk