# MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

December 10, 2024

Writer's Direct Contact
(213) 683-9273
(213) 683-5171 FAX
Adam.Weiss@mto.com

VIA ECF

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   SoundExchange, Inc. v. Sirius XM Radio, Inc.,
      No. 1:24-cv-5491 (NRB)

Dear Judge Buchwald:

Pursuant to Local Civil Rule 7.1(d) and Sections 1 and 2 of Your Honor's Individual Practices, I write on behalf of the American Association of Independent Music, the American Federation of Musicians of the United States and Canada, the Recording Industry Association of America, and the Screen Actors Guild – American Federation of Television and Radio Artists to request leave to file a brief as *amici curiae* in support of plaintiff SoundExchange, Inc.'s opposition to defendant Sirius XM Radio, Inc.'s Motion for Judgment on the Pleadings.  *See* ECF Nos. 61, 70.  The proposed brief is attached as Exhibit A.  Counsel for Sirius has advised that Sirius does not consent to this request.

"A district court has broad discretion in deciding whether to accept an *amicus* brief."  *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997), *aff'd* 179 F.3d 29 (2d Cir. 1999).  "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public."  *Russell v. Bd. of Plumbing Exam'rs*, 74

MUNGER, TOLLES & OLSON LLP

The Honorable Naomi Reice Buchwald
December 10, 2024
Page 2

F. Supp. 2d 349, 351 (S.D.N.Y. 1999).  Accordingly, district courts generally accept amicus briefs when a case has potential ramifications for *amici*'s interests or when *amici* have "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *C & A Carbone, Inc. v. Cnty. of Rockland, N.Y.*, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (citation omitted); *see, e.g.*, *Leslie v. City of New York*, 2023 WL 2612688 (S.D.N.Y. Mar. 23, 2023) (Buchwald, J.); *Planned Parenthood of N.Y.C., Inc. v. HHS*, 337 F. Supp. 3d 308 (2018) (Buchwald, J.).

*Amici* are trade organizations and labor unions that together represent the businesses and performers entitled by statute to the royalties at the heart of this important case.  *Amici* are therefore uniquely positioned to assist the Court in understanding how the royalty scheme Congress created in 17 U.S.C. § 114 works in practice.  In the attached brief, *amici* offer insight not only into the structure and history of Section 114 but also into the absurd on-the-ground consequences and serious practical harms for *amici*'s members that would follow if, as Sirius asserts, Section 114 does not give SoundExchange a cause of action to remedy underpayment.

This motion is filed eight days before Sirius's reply brief is due on December 18, 2024.  Sirius therefore will have a full opportunity to engage with *amici*'s arguments without delaying these proceedings.  *See, e.g.*, *C & A Carbone*, 2014 WL 1202699, at *4.

For the foregoing reasons, *amici* respectfully request that this Court grant leave to file the attached brief.

Respectfully submitted,

/s/ *Adam B. Weiss*
Adam B. Weiss

cc:   All counsel (via ECF)