# MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

December 13, 2024

Writer's Direct Contact
(213) 683-9273
(213) 683-5171 FAX
Adam.Weiss@mto.com

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    SoundExchange, Inc. v. Sirius XM Radio, Inc.,
                No. 1:24-cv-5491 (NRB)

Dear Judge Buchwald:

      I write in response to defendant Sirius XM Radio LLC's letter dated December 12, 2024 (ECF No. 74). Sirius asks the Court either to deny the *amici* (the American Association of Independent Music, the American Federation of Musicians of the United States and Canada, the Recording Industry Association of America, and the Screen Actors Guild) leave to file their *amicus* brief or, in the alternative, to grant Sirius five additional pages for, and seven additional days in which to file, its reply in support of its motion for judgment on the pleadings. Plaintiff SoundExchange, Inc. does not oppose Sirius's request for additional time and takes no position on the request for additional pages, *see* ECF No. 75—and certainly *amici* do not oppose either request. This Court can therefore simply grant Sirius the alternative relief it seeks, which would moot Sirius's opposition to *amici*'s request for leave to file a brief.

      But regardless of whether the Court does so, Sirius has no sound basis for opposing *amici*'s request for leave to file their brief. First, Sirius is incorrect that the proposed brief is untimely.

MUNGER, TOLLES & OLSON LLP

The Honorable Naomi Reice Buchwald
December 13, 2024
Page 2

*See* ECF No. 74 at 2. Sirius relies on Rule 29 of the Federal Rules of Appellate Procedure, but Rule 29 by its terms governs only filings in the courts of appeals, *see* Fed. R. App. P. 29(a)(1), and Sirius has not identified any authority suggesting that the timing provisions of Rule 29(a)(6)—which refer specifically to the "appellant's or petitioner's principal brief," Fed. R. App. P. 29(a)(6)—apply in this Court. In the district courts, "[t]here is no governing standard, rule or statute prescrib[ing] the procedure for obtaining leave to file an *amicus* brief"; rather, courts simply consider whether, under the circumstances, the brief would be "helpful." *C & A Carbone, Inc. v. Cnty. of Rockland, N.Y.*, 2014 WL 1202699, at *3-*4 (S.D.N.Y. Mar. 24, 2014) (internal quotation marks and citation omitted). In any event, even under Rule 29, the court "may grant leave for later filing." Fed. R. App. P. 29(a)(6); *see also* Fed. R. App. P. 26(b). And here, *amici* have not been dilatory, and Sirius will have eight days—or, if this Court grants Sirius's requested extension, *15 days*—to respond to *amici*'s brief.[1] That is more than enough time. *See* Local Civil Rule 6.1(b)(3) (reply briefs ordinarily "must be served within seven days").

Second, Sirius is incorrect that the proposed brief is "improper." ECF No. 74 at 1-2. Contrary to Sirius's suggestion, *amici* and SoundExchange are far from interchangeable. *Amici* are trade organizations and unions representing a wide array of labels and artists who, by statute, receive the royalties that SoundExchange collects and distributes. *See* 17 U.S.C. § 114(g)(2). Among those labels and artists are the "copyright holders" that Sirius argues can "protect their *own* interests" if SoundExchange has no cause of action to remedy underpayment. ECF No. 62 at 15. It is disingenuous at best for Sirius to suggest that those copyright holders have nothing relevant to say in this case.

The proposed brief also is not "redundant," as Sirius apparently recognizes. ECF No. 74 at 2; *see id.* at 3 (requesting additional pages so that Sirius can "meaningfully respond" to *amici*'s

---

[1] SoundExchange filed its opposition to Sirius's motion on November 26, 2024—two days before Thanksgiving. *Amici* sought Sirius's consent to the filing of the *amicus* brief on December 9, eight business days after SoundExchange's filing (assuming that the day after Thanksgiving is counted as a business day). Sirius did not respond to that request until late in the afternoon on December 10, at which point *amici* promptly filed their brief. And, contrary to Sirius's suggestion, *see* ECF No. 74 at 1 n.1, this Court does not require a pre-motion conference before a potential *amicus* requests leave to file a brief. *See, e.g.*, Minute Order, *Planned Parenthood of N.Y.C. v. HHS*, No. 18-cv-5680 (NRB) (S.D.N.Y. Aug. 1, 2018), ECF No. 42 (granting leave to file *amicus* brief and expressly stating that no pre-motion conference is necessary). Among other things, this Court's Individual Practices appear to contemplate a pre-motion conference only where a "party" anticipates filing a motion, Individual Practice Rule 2(B); *accord Kowalchuck v. MTA*, 94 F.4th 210, 214 (2d Cir. 2024), and *amici* are not parties, *see Cohen v. Empire Blue Cross & Blue Shield*, 176 F.3d 35, 41 (2d Cir. 1999). Nevertheless, if the Court were to require such a conference in these circumstances, *amici* respectfully request that the Court construe *amici*'s original submission as encompassing a request for a pre-motion conference. That would cause no prejudice to Sirius, which has already responded within three days.

MUNGER, TOLLES & OLSON LLP

The Honorable Naomi Reice Buchwald
December 13, 2024
Page 3

arguments). For instance, unlike SoundExchange, *amici* explain why individual copyright holders are particularly ill suited to protecting their own interests in recovering underpaid royalties, including because they will likely never learn of any underpayment. *See* ECF No. 72-1 at 11-13. That is precisely the kind of *amicus*-specific "perspective" that contributes to a "complete and plenary presentation of difficult issues." *C & A Carbone*, 2014 WL 1202699, at *3-*4 (citations omitted). Moreover, although Sirius chides *amici* for citing the most directly applicable precedent of the Second Circuit, *see* ECF No. 74 at 2, the proposed brief explains that Sirius's statutory interpretation cannot be justified either under the three-part test set out in that decision (as SoundExchange argues) *or* under more traditional tools of statutory interpretation (as *amici* argue), *see* ECF No. 72-1 at 4-8; *see also id.* at 6-8 (offering a more comprehensive treatment of the legislative history of the relevant statutes than SoundExchange does). And in any event, some overlap in arguments would be no reason to reject an *amicus* brief wholesale. *See C & A Carbone*, 2014 WL 1202699, at *4 (finding that *amicus* brief posed no risk of prejudice because, *inter alia*, court could "simply ignore" duplicative arguments).

Finally, Sirius is plainly incorrect in suggesting that the Court should deny *amici* leave to file a brief because *amici* oppose Sirius's motion. *See* ECF No. 74 at 2. As is well settled, "there is no rule . . . that amici must be totally disinterested"; indeed, "courts have accepted that by the nature of things an amicus is not normally impartial." *SEC v. Ripple Labs, Inc.*, 2021 WL 4555352, at *6 (S.D.N.Y. Oct. 4, 2021) (internal quotation marks and citations omitted). Sirius itself has frequently filed *amicus* briefs in cases in which it has a strong economic interest, and surely will continue to do so in the future.[2] The fact that Sirius's interpretation of Section 114 would create absurd results for parties other than SoundExchange is no reason to reject a proposed *amicus* brief; it is a reason to reject Sirius's arguments.

Respectfully submitted,

/s/ *Adam B. Weiss*
Adam B. Weiss

cc:   All counsel (via ECF)

---

[2] *See, e.g.*, Motion of Sirius XM Radio Inc. for Leave to File a Supplemental Brief as Amicus Curiae in *Marks v. Crunch San Diego, LLC*, 2018 WL 2096209, at *2 (9th Cir. May 4, 2018) (noting that Sirius filed an *amicus* brief at the merits stage of the appeal, *see* 2015 WL 9449409, and that "Sirius XM has an interest in the outcome of this case" because the court's ruling "could affect both Sirius XM's business practices and its defenses" to certain lawsuits then "pending" against it); Brief of Amici Curiae Sirius Satellite Radio Inc. and XM Satellite Radio Holdings Inc. in *United States v. Broad. Music, Inc.*, 2004 WL 4964503, at *2 (2d Cir. Oct. 4, 2004) (*amicus* brief for Sirius's predecessor company stating that it has a "particularized" financial "interest in the outcome of this proceeding" and "will be directly affected by the outcome of this proceeding").