**Weil, Gotshal & Manges LLP**

**VIA ECF**

767 Fifth Avenue<br>
New York, NY 10153-0119<br>
+1 212 310 8000 tel<br>
+1 212 310 8007 fax<br>
<br>
**Todd Larson**<br>
todd.larson@weil.com

December 12, 2024

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *SoundExchange, Inc. v. Sirius XM Radio Inc.*, No. 1:24-cv-05491-NRB

Dear Judge Buchwald:

      We write on behalf of Defendant Sirius XM Radio LLC (the successor to Sirius XM Radio Inc.) ("Sirius XM") in opposition to the American Association of Independent Music, et al.'s ("Proposed *Amici*") letter motion requesting leave to file a brief as *amici curiae* in support of SoundExchange, Inc.'s opposition to Sirius XM's motion for judgment on the pleadings, ECF No. 72. As explained below, the proposed *amici curiae* brief, ECF No. 72-1 (the "Proposed *Amici* Brief"), is both untimely and improper. Because Proposed *Amici* have not asserted a legitimate basis for participating in this case, the Court should deny leave to file the brief.[1] In the alternative, Sirius XM respectfully requests a modest 5-page extension of the Court's page limitation and a 7-day extension for its forthcoming reply brief so that it can address both SoundExchange's and Proposed *Amici*'s briefs, which together total over 43 pages.

### I. The *Amici* Brief is Untimely and Serves an Improper Purpose

      Because there is no inherent right to file an *amicus* brief in district court, the Court has broad discretion to grant or deny a motion for leave to file a brief *amicus curiae*. *See Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-cv-7935-ALC, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014). "[T]he Court looks to the Federal Rules of Appellate Procedure, which does provide a rule for the filing of an *amicus* brief, and also considers the instances when an *amicus* brief serves a laudable, rather than distractive, purpose." *Id.* Courts in

---

[1] Sirius XM notes Proposed *Amici*'s failure to comply with the Court's Individual Practice Rule 2(B) (requiring parties to request a pre-motion conference before making any motion), which would have allowed Sirius XM three business days to respond, and which underscores the untimeliness and procedural irregularity of the Proposed *Amici* Brief.

this district will generally grant leave to file an *amicus* brief where (i) "a party is not represented competently or is not represented at all"; (ii) "the amicus has an interest in some other case that may be affected by the decision in the present case"; or (iii) "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). "Otherwise, leave to file an *amicus curiae* brief should be *denied*." *Id.* (emphasis added).

The Proposed *Amici* Brief achieves none of those ends, and it is also untimely. Federal Rule of Appellate Procedure 29 requires *amicus curiae* to file a proposed brief "no later than 7 days after the principal brief of the party being supported is filed." Proposed *Amici* filed their request on December 10, 2024, 14 days after SoundExchange filed its opposition brief, ECF No. 70. By taking *double* the time allotted under the Rules, Sirius XM now has less than eight days to respond should leave be granted.

The brief also fails on substance. Proposed *Amici* are not any more "uniquely positioned to assist the Court in understanding how the royalty scheme Congress created in 17 U.S.C. § 114 works in practice," ECF No. 72 at 2, than SoundExchange—the entity that administers that scheme. Nor are Proposed *Amici* uniquely positioned to interpret a statute, which is what this motion is about. The Proposed *Amici* Brief does not offer "unique information" but instead makes heavily redundant legal arguments, reciting SoundExchange's opposition with near-identical language and case law. *Compare* ECF No. 70 at 2, *with* ECF No. 72-1 at 4 (both arguing § 114 "presupposes" a remedy and relying on *Oxford Univ. Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99 (2d Cir. 2019)), *and* ECF No. 70 at 15–20, *with* ECF No. 72-1 at 9–14 (redundant arguments about whether an alternative remedy exists).

To the extent Proposed *Amici* raise new policy arguments, they are a flavor of what SoundExchange has already argued. *Compare* ECF No. 70 at 17–18, *with* ECF No. 72-1 at 16–18 (arguments regarding impact on artists and unregistered copyright owners if SoundExchange lacks a private right of action). In any event, those arguments are of limited utility here. *See* ECF No. 62 at 20 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) ("[Without a showing of congressional intent,] a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.")).

The Court also should deny leave for the independent reason that Proposed *Amici* do not come as "friend[s] of the court," but rather as "advocate[s] for one side," which "does the court, [themselves], and fundamental notions of fairness a disservice." *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991); *see also S.E.C. v. Bear, Stearns & Co. Inc.*, 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003) (rejecting *amicus* status for nonparties who were seeking to advance their own interests rather than clarifying issues in an objective, dispassionate manner); *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995) (collecting cases). The Proposed *Amici* Brief is essentially a second brief on behalf of SoundExchange.

## II. In the Alternative, Sirius XM Requests a Page and Time Enlargement

Under Rule 2(D) of the Court's Individual Rules of Practice, Sirius XM's forthcoming reply in support of its motion for judgment on the pleadings is limited to 10 pages. If the Court grants Proposed *Amici* leave to file their brief, Sirius XM respectfully requests a modest 5-page extension, to 15 pages, so that it can meaningfully respond to the combined 43 pages of briefing and 126 pages in exhibits filed by SoundExchange and its proxies in opposition to its motion. Sirius XM also requests that its due date for the reply brief be extended to 7 days after the entry of an order on Proposed *Amici*'s Letter Motion requesting leave to file, ECF No. 72. Sirius XM's current due date is December 18, 2024.

Dated: December 12, 2024

Respectfully submitted,

By: /s/ Todd Larson

Todd Larson
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8238
Facsimile: (212) 310-8007
Todd.Larson@weil.com

```
Having granted amici leave to
file a brief, and having
reviewed the letter herein
along with plaintiff's letter
in response, see ECF No. 75,
the Court hereby grants
defendant's requested page
extension, as well as the
requested extension of the
time to file the forthcoming
reply brief.  So ordered.
```

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2024
       New York, New York