

Scott A. Zebrak
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.480-2999
scott@oandzlaw.com

July 8, 2025

**BY ECF**

Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *SoundExchange, Inc. v. Sirius XM Radio Inc.*, 1:24-cv-05491-NRB

Dear Judge Buchwald:

      We represent Plaintiff SoundExchange, Inc. ("SoundExchange") in the above-captioned action. We write in response to Defendant Sirius XM Radio Inc.'s ("Sirius") letter from yesterday regarding the Supreme Court's grant of certiorari in *FS Credit Opportunities Corp. v. Saba Capital Master Fund, Ltd.* No. 24-345. ECF No. 84.

      First, Sirius's letter implies that SoundExchange's opposition to Sirius's motion for judgment on the pleadings rises or falls with the validity of *Oxford University Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99 (2d Cir. 2019). But that is not so. Rather, in accord with the Supreme Court's guidance on implied rights of action, SoundExchange's private right of action to "enforce[]" the statutory license in 17 U.S.C. § 114 comes from Congress's intent as revealed by Section 114's text and structure. *See* Pls.' Mem. of Law in Opp. to Def.'s Mot. for Judgment on the Pleadings 8–20 (Nov. 26, 2024), ECF No. 70. While *Oxford* supports SoundExchange's position, and SoundExchange cites it as such, Congress's clear intent with regard to Section 114 would not change even if *Oxford* had reached a different result.

      Second, Sirius is wrong that the Supreme Court's grant of certiorari "calls into question *Oxford's* continuing validity." The Second Circuit has made clear that "[a] published opinion becomes binding precedent when it is decided, regardless of whether the mandate has issued or of any pending petitions for rehearing or for writ of certiorari. It remains so until it is vacated or overruled." *Cox v. Dep't of Just.*, 111 F.4th 198, 213 (2d Cir. 2024). The Supreme Court's grant of certiorari neither vacated nor overruled *Oxford*; indeed, the Supreme Court may ultimately affirm *Oxford*'s reasoning. Accordingly, *Oxford* remains binding precedent.

                                                                               Respectfully submitted,

                                                                              /s/ *Scott A. Zebrak*

                                                                              Scott A. Zebrak